IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS, | 1:10-cv-00740 MJS (HC) |
| Petitioner, | |
| vs. | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| ADAMS, Warden at Corcoran Prison, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, challenges a prison disciplinary action by filing this habeas corpus action pursuant to 28 U.S.C. § 2254.

Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, petitioner challenges the result of a prison

disciplinary proceeding, i.e., he attacks the execution of his sentence, not the conviction itself. In such case, the proper forum in which to seek review is the district of confinement. See <u>Dunn v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). Petitioner is confined in prison located in the Northern District of California. Therefore, his petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

      Accordingly, IT IS ORDERED that this matter be and hereby is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   May 11, 2010**                              **/s/ Michael J. Seng**
                                                 UNITED STATES MAGISTRATE JUDGE