1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN FRATUS,

      Petitioner,

 v.

ANTHONY HEDGPETH, Warden,

      Respondent.

_____/

No. C 10-02080 SBA (PR)

**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND TERMINATING RESPONDENT'S PENDING MOTION AS MOOT**

(Docket no. 10)

Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee. He admits that he did not exhaust his state remedies before filing this petition. Therefore, Petitioner "asks this Court to dismiss his petition without prejudice until he fully exhausts his state remedies." (Opp'n at 2, 12.) Respondent does not oppose Petitioner's request. (Reply at 4.)

According to the allegations in the petition, Petitioner was issued a Rules Violation Report (RVR) at California State Prison - Corcoran on July 18, 2006. He was charged with battery on a peace officer. On August 23, 2006, a disciplinary hearing was held regarding this RVR and Petitioner was found guilty. He was sentenced to eighteen months in disciplinary segregation and assessed a 121 credit forfeiture. He argues that the disciplinary sanction, therefore, lengthened his term of confinement.

Petitioner alleges several procedural due process violations with respect to this disciplinary proceeding, stating:

[Ground one:]    I was denied my 5th, 6th and 14th Amendment rights to due process of law at a prison disciplinary hearing because the disciplinary officer would not allow me to question the witnesses.

[Ground two:] I was denied my 5th, 6th and 14th Amendment rights to due process of law at a prison disciplinary hearing because the hearing officer acted with deliberate indifference and abused his discretion by not allowing me to call [a] friendly defense witness.

**United States District Court**
For the Northern District of California

1

2        [Ground three:]        I was denied my 5th, 6th and 14th Amendment rights to fair trial and
                                 due process of law at a prison disciplinary hearing because insufficient
3                                (unreliable/"false") evidence support the finding of guilt.

(Pet. at 5-6.)
4

5        On December 29, 2007, Petitioner filed a state habeas petition in the state superior court,

6   raising his claim that he was denied his due process right "to call and question/cross-examine

7   witnesses at [his] disciplinary hearing." (Resp't Ex. 3, Pet'r Superior Court Petition at 3.) On

8   February 17, 2008, the state superior court denied his petition. (Pet. at 3.)

9        On March 19, 2008, Petitioner filed a state habeas petition in the California Court of Appeal,

10  Case No. # F054913. According to the California Appellate Courts Case Information Database, on

11  October 16, 2008, the state appellate court found that Petitioner had "made a prima facie case

12  entitling him to the issuance of an order to show cause." (California Appellate Courts Case

13  Information Database, Case No. # F054913.) No other information is listed in the state appellate

14  court's online database, only that Petitioner's case was listed as "complete" after the "remittitur [was]

15  issued" on December 16, 2008. (Id.)

16       On July 29, 2009, Petitioner simultaneously filed state habeas petitions in the California

17  Court of Appeal and the California Supreme Court. On August 26, 2009, the state supreme court

18  denied the petition. Petitioner claims that his state habeas petition filed in the state appellate court,

19  Case No. # F058189, "is still currently pending in the 5th Appellate District Court . . . ." (Pet. at 3.)

20  According to the appellate court's online database, Petitioner's case is still pending because, on

21  August 29, 2011, he was granted an extension of time to file his traverse. (California Appellate

22  Courts Case Information Database, Case No. # F058189.)

23       Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact

24  or length of their confinement are first required to exhaust state judicial remedies by presenting the

25  highest state court available with a fair opportunity to rule on the merits of each and every claim

26  they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-

27  16 (1982). If available state remedies have not been exhausted as to all claims, the district court

28  must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A

2

United States District Court
For the Northern District of California

1 dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting

2 available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

3          The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a

4 pending post-conviction proceeding in state court.  See 28 U.S.C. § 2254(b), (c); Sherwood v.

5 Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction

6 -- or in this case a challenge to a disciplinary hearing -- is pending in state court, a potential federal

7 habeas petitioner must await the outcome of the challenge before his state remedies are considered

8 exhausted.  See id.

9          As Petitioner has a petition currently pending in the state appellate court, the instant petition

10 for a writ of habeas corpus is DISMISSED as unexhausted.  See 28 U.S.C. § 2254(b)-(c); Rose, 455

11 U.S. at 522.  This dismissal is without prejudice to Petitioner to filing a new federal habeas corpus

12 petition once all claims he wishes to raise in federal court have been presented to the California

13 Supreme Court.  Should he do so, he is advised to file his new federal habeas corpus petition as soon

14 as possible after his state court proceedings have concluded.  The Court makes no ruling at this time

15 on the issue of the timeliness of any future federal petition.

16          The Court has rendered its final decision on this matter; therefore, this Order TERMINATES

17 Petitioner's case.  The Clerk of the Court shall terminate as moot any pending motions, including

18 Respondent's motion to dismiss (docket no. 10), and close the file.

19          This Order terminates Docket no. 10.

20          IT IS SO ORDERED.

21 DATED: September, 27, 2011                          _____
                                                     SAUNDRA BROWN ARMSTRONG
22                                                   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.10\Fratus2080.dismiss(unEXH)&termMTDmoot.wpd          3

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

   JOHN FRATUS,
4                                              Case Number: CV10-02080 SBA
              Plaintiff,
5                                              **CERTIFICATE OF SERVICE**

      v.
6
   ADAMS et al,
7
              Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
12 located in the Clerk's office.

13

14

15 John  Fratus V-74577
   Pelican Bay State Prison
16 P.O. Box 7500
   Crescent City,  CA 95532
17

18 Dated: September 30, 2011
                                        Richard W. Wieking, Clerk
19                                      By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

   G:\PRO-SE\SBA\HC.10\Fratus2080.dismiss(unEXH)&termMTDmoot.wpd        4