IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS, | No. C 10-02080 SBA (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITHOUT PREJUDICE AND TERMINATING RESPONDENT'S PENDING MOTION AS MOOT** |
| v. | |
| ANTHONY HEDGPETH, Warden, | (Docket no. 10) |
| Respondent. / | |

Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee. He admits that he did not exhaust his state remedies before filing this petition. Therefore, Petitioner "asks this Court to dismiss his petition without prejudice until he fully exhausts his state remedies." (Opp'n at 2, 12.) Respondent does not oppose Petitioner's request. (Reply at 4.)

According to the allegations in the petition, Petitioner was issued a Rules Violation Report (RVR) at California State Prison - Corcoran on July 18, 2006. He was charged with battery on a peace officer. On August 23, 2006, a disciplinary hearing was held regarding this RVR and Petitioner was found guilty. He was sentenced to eighteen months in disciplinary segregation and assessed a 121 credit forfeiture. He argues that the disciplinary sanction, therefore, lengthened his term of confinement.

Petitioner alleges several procedural due process violations with respect to this disciplinary proceeding, stating:

[Ground one:] I was denied my 5th, 6th and 14th Amendment rights to due process of law at a prison disciplinary hearing because the disciplinary officer would not allow me to question the witnesses.

[Ground two:] I was denied my 5th, 6th and 14th Amendment rights to due process of law at a prison disciplinary hearing because the hearing officer acted with deliberate indifference and abused his discretion by not allowing me to call [a] friendly defense witness.

> [Ground three:]   I was denied my 5th, 6th and 14th Amendment rights to fair trial and due process of law at a prison disciplinary hearing because insufficient (unreliable/"false") evidence support the finding of guilt.

(Pet. at 5-6.)

On December 29, 2007, Petitioner filed a state habeas petition in the state superior court, raising his claim that he was denied his due process right "to call and question/cross-examine witnesses at [his] disciplinary hearing." (Resp't Ex. 3, Pet'r Superior Court Petition at 3.) On February 17, 2008, the state superior court denied his petition. (Pet. at 3.)

On March 19, 2008, Petitioner filed a state habeas petition in the California Court of Appeal, Case No. # F054913. According to the California Appellate Courts Case Information Database, on October 16, 2008, the state appellate court found that Petitioner had "made a prima facie case entitling him to the issuance of an order to show cause." (California Appellate Courts Case Information Database, Case No. # F054913.) No other information is listed in the state appellate court's online database, only that Petitioner's case was listed as "complete" after the "remittitur [was] issued" on December 16, 2008. (Id.)

On July 29, 2009, Petitioner simultaneously filed state habeas petitions in the California Court of Appeal and the California Supreme Court. On August 26, 2009, the state supreme court denied the petition. Petitioner claims that his state habeas petition filed in the state appellate court, Case No. # F058189, "is still currently pending in the 5th Appellate District Court . . . ." (Pet. at 3.) According to the appellate court's online database, Petitioner's case is still pending because, on August 29, 2011, he was granted an extension of time to file his traverse. (California Appellate Courts Case Information Database, Case No. # F058189.)

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A

2

dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See 28 U.S.C. § 2254(b), (c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction -- or in this case a challenge to a disciplinary hearing -- is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. See id.

As Petitioner has a petition currently pending in the state appellate court, the instant petition for a writ of habeas corpus is DISMISSED as unexhausted. See 28 U.S.C. § 2254(b)-(c); Rose, 455 U.S. at 522. This dismissal is without prejudice to Petitioner to filing a new federal habeas corpus petition once all claims he wishes to raise in federal court have been presented to the California Supreme Court. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Petitioner's case. The Clerk of the Court shall terminate as moot any pending motions, including Respondent's motion to dismiss (docket no. 10), and close the file.

This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: September, 27, 2011

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN FRATUS,

        Plaintiff,

  v.

ADAMS et al,

        Defendant.

Case Number: CV10-02080 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Fratus V-74577
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: September 30, 2011

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Fratus2080.dismiss(unEXH)&termMTDmoot.wpd     4